## No. 10,742.

### CHASE, ADMINISTRATOR *v.* COLLINS.

Decided March 3, 1924.   Rehearing Denied April 7, 1924.

Action on contract for attorney fees.   Judgment for plaintiff.

### *Affirmed.*

1. ATTORNEY AND CLIENT—*Attorney Fees—Contract—Construction.*
   Contract for attorney fees construed and held to entitle the attorney to the full amount of his fees when the case was set for trial, although it was never tried.

2. CONTRACTS—*Construction—Evidence.* In the construction of contracts the intent of the parties should govern, and any evidence showing such intent is highly important.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

Messrs. GORDON, & GORDON, for plaintiff in error.

Mr. ALLYN COLE, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error filed in the county court of Prowers county a claim for a balance on a contract between him and the decedent.  The claim was allowed, whereupon the administrator took an appeal to the district court, in which the case was heard on an agreed statement of facts, and judgment entered for the claimant.  The case is now here for review.

The only matter in dispute is as to the amount due under the contract whereby the claimant was engaged to defend the intestate Newman on a criminal charge.  The contract provided that Collins should receive a fee of $500, out of which he was to pay an attorney whom he was to employ

to assist him; that $150 was to be paid in cash "for all services up to the time of fixing the date of trial, and the preparation of the said case for trial  *  *  *;  that if he does not go to trial at all, then the last named above amount shall be the fee in full for services, but if said case is tried, then as soon as it is definitely settled that trial must be had, the first party hereto agrees that the balance of said fee will be due and payable."

Newman was the "first party" to the contract.  It was agreed that Collins had received the $150; that he secured a change of venue, took some depositions, and filed and argued several preliminary motions; and that the case was finally set for trial; that said Newman was unable to appear on account of sickness, from which he soon after died.

It is further agreed that Newman had made efforts to secure $500, which he stated he must have since the balance would be due as soon as it was definitely settled that the case must be tried, and that while said Newman was in a hospital, after the case had been set for trial, he paid Collins a further sum of $340, and delivered to him various papers, including Newman's copy of the contract in question.

Judgment was entered for the amount which it was agreed was the balance due, if anything.

It is contended by plaintiff in error that under the contract claimant had received all that he had earned.

The contract is very crudely drawn, and is more or less confusing and ambiguous.  It might reasonably be interpreted as contended for by plaintiff in error.  Defendant in error, however, urges that, having fully performed his part of the contract, so far as it was possible, and nothing appearing to indicate that $150, was regarded as full, rather than partial compensation for the services, which he rendered, he was entitled to the remainder of the agreed fee, and cites cases to support such position.

We think, however, that the case may be determined from the statement of facts itself, under a well settled principle of law.  It appears that after the date of trial

had been fixed, and continuances were being obtained because of Newman's sickness, he paid the attorney within $10 of the balance under the $500 agreement, and even turned over his own copy of the contract. This indicates that Newman's understanding of the contract was that the balance of the stipulated fee was then due. In the construction of contracts, it is elementary that the intent of the parties should govern, and any evidence showing such intent is highly important. Applying this rule to the conceded facts, it cannot be said that the court erred in finding for claimant. The judgment is therefore affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.